1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

                              Plaintiff,

    v.

ROBERT PANIAGUA,

                              Defendant.

Case No. 19-cr-02706-BAS-1

**ORDER DENYING MOTIONS TO REDUCE SENTENCE (ECF Nos. 54, 56)**

　　　The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023.  *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821.  Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders."  U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history.  *Id.* § 4C1.1(a)(1)–(10).

19cr2706

In addition, under Part A, these amendments changed the criminal history points added for defendants on post-release status when calculating a defendant's criminal history under U.S.S.G. § 4A1.1.  The original sentencing guidelines provided:

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(d) (before amendment).  The revised guidelines provide:

> Add 1 point if the defendant (1) receives 7 or more [criminal history] points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* § 4A1.1(e) (Nov. 1, 2023).

Based on these amendments, Defendant Robert Paniagua now files two Motions to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c).  (ECF Nos. 54, 56.)  The Court referred the case to Federal Defenders for an evaluation.  (ECF No. 55.)  Federal Defenders has filed a Status Report concluding the "Court can decide the motion on the existing record without further assistance of counsel."  (ECF No. 58.)

At the time of sentencing, Defendant was neither a zero-point offender, nor did he receive any additional criminal history points under the old U.S.S.G. § 4A1.1(d). (Presentence Report, ¶¶ 26–50, ECF No. 31.)  In fact, since he had 37 criminal history points, well above 13 points required to be in the highest criminal history category VI, any reduction in criminal history points will not change his criminal history category. Therefore, he does not qualify for relief under the new amendments, and his Motions to Reduce Sentence (ECF Nos. 54, 56) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 21, 2024**

Hon. Cynthia Bashant
United States District Judge

19cr2706